UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Case No. 3:15-CR-37-4 |
| v. | ) JUDGE TRAUGER |
| | ) |
| ERIC ANTHONY MCEWEN | ) |

## SUPPLEMENTAL MOTION FOR COMPASSIONATE RELEASE

Eric Anthony McEwen has less than a year left on his sentence for his role in a drug distribution conspiracy. On May 18, 2020, he filed a Pro Se Motion for Compassionate Release, and later filed exhibits in support of his motion. (D.E. 1253, Pro Se Motion; D.E. 1272.) On May 22, 2020 this office was appointed to represent him and now files the instant supplemental motion. (D.E. 1255, Order.) He has high blood pressure and suffers from bronchitis.

Mr. McEwen respectfully moves this Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i), which allows such a reduction based on "extraordinary and compelling reasons." Since he is at high risk of severe harm from Covid-19, he asks that this Court to reduce his sentence by ordering his immediate release, followed by a period in home confinement.

### I.   Statutory framework for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i)

The compassionate release statute grants sentencing courts authority to reduce an otherwise final term of imprisonment for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). The statute provides:

(1) in any case--

>    (A) **the court**, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, **may reduce the term of imprisonment** (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), **after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--**
>
>    (i) **extraordinary and compelling reasons warrant such a reduction**; . . .
>
>    *****
>
>    **and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.**

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

The commentary to the Sentencing Commission policy statement identifies some reasons that typically amount to "extraordinary and compelling reasons for a sentence reduction," including:

>    (A) Medical Condition of the Defendant.—
>       (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). . . .
>       (ii) The defendant is—
>          (I) suffering from a serious physical or medical condition,
>          (II) suffering from a serious functional or cognitive impairment,
>    or
>          (III) experiencing deteriorating physical or mental health because of the aging process
>    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, comment. n.1(A). In addition, the commentary advises that

"Other Reasons" can also suffice in Note 1(D).

Thus, the statutory requirements for sentence reduction are that the court: (1) find extraordinary and compelling reasons for the reduction; (2) consider the relevant sentencing factors under 18 U.S.C. § 3553(a); and (3) ensure any reduction is consistent with applicable policy statements. 18 U.S.C. § 3582(c)(1)(A).

II.  Statement of facts

   A.  Background

Between 2012 and 2015, Mr. McEwen participated in a drug distribution conspiracy and possessed an unregistered firearm. (Presentence Report ("PSR") at ¶ 1-2.) He was released on pretrial supervision on March 27, 2015 and, aside from a DUI the following month, he remained compliant until he self-reported on March, 17, 2017. (*Id.* at ¶ 6.) He pleaded guilty and was sentenced to 72 months of custody. (D.E. 856, Judgment.)

   B.  Medical condition

Mr. McEwen's PSR does not list his medical conditions, however he suffers from high blood pressure and bronchitis.[1] These conditions put Mr. McEwen at high risk for suffering severe consequences from Covid-19. According to the Center for Disease Control (CDC), people who have underlying conditions are especially vulnerable to and at higher risk for serious complications from Covid-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-

---

[1] His pro se motion notes that he has diabetes and uses a CPAP machine. (D.E. 1253.) This information was included mistakenly.

risk.html. Mr. McEwen's significant health issues puts him at extremely high risk for complications or death should he contract Covid-19.

### C. Conditions in the prison where he is confined

Mr. McEwen is housed at FCI Allenwood Low. It is unclear as to whether there are any active Covid-19 cases there, as the BOP has not listed this facility on its website.[2] *See United States v. Amarrah*, No. 17-20464, 2020 WL 2220008, at *6 (E.D. Mich. May 7, 2020) ("Zero *confirmed* COVID-19 cases is not the same thing as zero COVID-19 cases.") (emphasis in original).[3] The Covid-19 virus will spread extensively and quickly once it is present in the prison. *United States v. Rodriguez,* 2020 U.S. Dist. LEXIS 58718, *23 (E.D. Pa. Apr. 1, 2020) (discussing BOP's inadequate response to Covid-19). As the Court is aware, social distancing is difficult if not impossible in a prison setting, especially a low security institution such as Allenwood Low.[4] These conditions put Mr. McEwen in danger.

---

[2] https://www.bop.gov/coronavirus/.
[3] *See also* Walter Pavlo, *Forbes,* "Bureau of Prisons Underreporting COVID-19 Outbreaks in Prison" (April 1, 2020), available at https://www.forbes.com/sites/walterpavlo/2020/04/01/bureau-of-prisons-underreporting-outbreaks-in-prison/#8094d887ba32; The Marshall Project, *Federal Prison Agency "Put Staff in Harm's Way" of Coronavirus* (Apr. 3, 2020), available at https://www.themarshallproject.org/2020/04/03/federal-prisons-agency-put-staff-in-harm-s-way-of-coronavirus.
[4] "Correctional and detention facilities can include custody, housing, education, recreation, healthcare, food service, and workplace components in a single physical setting. The integration of these components presents unique challenges for control of COVID-19 transmission among incarcerated/detained persons, staff and visitors." Center for Disease Control and Prevention, *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities* (Mar. 23, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf; *see also*
*A prison doctor's stark warning on coronavirus, jails and prisons*, L.A. Times

### D. Efforts to gain relief from the Bureau of Prisons

Mr. McEwen requested Compassionate Release on April 12, 2020, and it was denied. (D.E. 1272, at PageID# 5894.) He has exhausted his administrative remedies and this Court may act now.

## III. Argument

### A. Mr. McEwen suffers from a serious physical or medical condition that amounts to an extraordinary and compelling reason to reduce his sentence.

A district court can reduce a final sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Under the old policy statement, "extraordinary and compelling reasons" to reduce a sentence include a defendant who is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I). Mr. McEwen's condition meets this standard because his high blood pressure renders him unable to care for himself or protect himself from Covid-19 while in the custody of the BOP.

Even before the Covid-19 pandemic, Mr. McEwen was "suffering from [] serious physical or medical condition[s]" from which he will not recover, and those

---

(Mar. 20, 2020), *available at* https://www.latimes.com/california/story/2020-03-20/prison-doctors-stark-warning-on-coronavirus-and-incarceration ("Prisons are petri dishes for contagious respiratory illnesses.").

conditions "substantially diminish[]" his ability to provide self-care in his prison. U.S.S.G. § 1B1.13, appl. n. 1(A)(ii). Mr. McEwen still suffers from these serious medical conditions, namely high blood pressure. This puts him at higher risk for serious complications from Covid-19. Further, Mr. McEwen cannot provide self-care and protect himself from Covid-19 while in custody. That is especially true in light of the conditions there, making social distancing impossible and the spread of the virus likely.

With his serious medical conditions and the danger posed by Covid-19, Mr. McEwen cannot care for himself safely in his prison environment. Courts have found that the risk of Covid-19, combined with an individual's high-risk health factors, satisfy the language of Application Note 1(A). *See, e.g., United States v. Compagna*, 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020) ("Defendant's compromised immune system, taken in concert with the COVID-19 public health crisis, constitutes an extraordinary and compelling reason to modify [] Defendant's sentence on the grounds that he is suffering from a serious medical condition that substantially diminishes his ability to provide self-care within the environment of the RCC") (citing U.S.S.G. § 1B1.13, Application Note 1(A)); *United States v. Amarrah*, No. 17-20464, 2020 WL 2220008, at *5 (E.D. Mich. May 7, 2020) ("many courts have found that, for high risk individuals, communal prison confinement conditions satisfy the definition of 'extraordinary and compelling reason for release' because they make it impossible for vulnerable individuals to 'protect [them]selves

from the spread of a dangerous and highly contagious virus'"); *United States v. Muniz,* 2020 U.S. Dist. LEXIS 59255, *3-4 (S.D. Tex. Mar. 30, 2020).

This court should immediately reduce Mr. McEwen's sentence on the grounds that he is suffering from a serious medical condition that has substantially diminished his ability to provide self-care within his prison environment.

### B. Under § 3553(a), the Court should release Mr. McEwen and possibly require him to serve a period in home confinement.

Where, as here, extraordinary and compelling reasons are established, the Court must consider the relevant sentencing factors in § 3553(a) to determine whether a sentence reduction is warranted. 18 U.S.C. § 3582(c)(1)(A)(i).

Mr. McEwen has less than a year left on his sentence for his role in a drug distribution conspiracy. While on pretrial release, aside from a DUI early on, he demonstrated his ability to conform to the law for two years. If released, Mr. McEwen can reside with his wife Felicia McEwen in Redford, MI. Counsel is providing information regarding Ms. McEwen to the U.S. Probation Office.

In sum, Mr. McEwen respectfully requests that the Court reduce his sentence to time served, possibly to be followed by a period of home detention. *United States v. Perez,* 2020 WL 1546422, *2 (S.D.N.Y. Apr. 1, 2020) ("The benefits of keeping him in prison for the remainder of his sentence are minimal, and the potential consequences of doing so are extraordinarily grave."); *Rodriguez,* 2020 U.S. Dist. LEXIS 58718 at *26 (following similar logic). Such a sentence would reflect the seriousness of his offense, would adequately serve the need for deterrence, and it would likewise serve the purposes of further promoting his rehabilitation.

## IV. Conclusion

Mr. McEwen respectfully asks that the Court, acting pursuant to Note 1(A) of U.S.S.G. § 1B1.13, reduce his custodial sentence to time served and to possibly order him to serve a period of his supervision in home confinement. He also asks that the Court order the government to respond to this motion in an expedited manner and to provide a full copy of his BOP medical records.

Respectfully submitted,

s/ *Michael C. Holley*
MICHAEL C. HOLLEY
Assistant Federal Public Defender
MOLLY ROSE GREEN
Research and Writing Attorney
810 Broadway, Suite 200
Nashville, Tennessee 37203
615-736-5047

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2020, I electronically filed this pleading with the U.S. District Court Clerk by using the CM/ECF system, which will send a Notice of Electronic Filing to Cecil W. VanDevender, Assistant United States Attorney, Office of the U.S. Attorney, 110 Ninth Avenue North, Suite A961, Nashville, Tennessee, 37203.

s/ *Michael C. Holley*
MICHAEL C. HOLLEY